UNITED STATES of America, Plaintiff–Appellee,

v.

Valerie L. SCHULER, Defendant–Appellant.

No. 05–8067.

United States Court of Appeals, Tenth Circuit.

Nov. 15, 2006.

Lisa E. Leschuck, Asst. U.S. Attorney, Office of the United States Attorney, Cheyenne, WY, for Plaintiff–Appellee.

Robert T. Moxley, Gage & Moxley, Cheyenne, WY, for Defendant–Appellant.

Before KELLY, McKAY, and O'BRIEN, Circuit Judges.

## ORDER ON REHEARING

MONROE G. McKAY, Circuit Judge.

In her combined petition for rehearing and rehearing en banc, Appellant has raised three issues. First, Appellant argues that, in determining whether the trial court should have stricken allegedly prejudicial surplusage from the superceding indictment, the panel incorrectly applied a plain error standard rather than the appropriate abuse of discretion standard. Second, Appellant argues that under the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court abused its discretion by allowing inclusion of "sentencing enhancement allegations" in the indictment and by submitting them to a jury. Third, Appellant argues that her due process rights were violated by the district court's submission to the jury of

these sentencing allegations and by its admission of summary exhibits.

The panel grants rehearing on the first issue. We conclude that because we overlooked Appellant's pre-trial motion to strike "sentencing enhancement allegations" from the indictment, we erroneously reviewed the district court's ruling under a plain error standard, rather than under an abuse of discretion standard. Under the abuse of discretion standard, we will only disturb the district court's ruling if we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir. 1991)). A trial court's actions are subjected to a higher degree of scrutiny under abuse of discretion than under plain error. However, having reviewed the ruling again under the correct standard, we are satisfied that the district court did not abuse its discretion in refusing to strike the objected-to language from the indictment.

In all other respects, the petition for rehearing is denied. The suggestion for rehearing en banc was circulated to the panel members and the active judges of the court. No member of the panel nor judge in active service on the court having requested a poll, the suggestion for rehearing en banc is denied.